**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 05-20429-CR-SEITZ**

UNITED STATES OF AMERICA,

v.

WILL ROBINSON,

    Defendant.

_____/

**ORDER DENYING DEFENDANT WILL ROBINSON'S**
**MOTION FOR EARLY TERMINATION OF**
**SUPERVISED RELEASE WITHOUT PREJUDICE**

THIS MATTER is before the Court on Defendant Robinson's Motion for Early Termination of his Supervised Release [DE 208]. Mr. Robinson's Probation Officer in the Central District of California does not oppose the motion. However, both the Government [DE 210] and the Probation Officer in the Southern District of Florida do oppose the motion. Having considered the motion, the opposition and reply, the Court will deny the motion without prejudice because neither the Defendant nor his California Probation Officer have provided sufficient information to enable the Court to conduct a §3553 factors analysis to justify early termination.

The Defendant is to be commended for completing an AA degree, remaining arrest free and having stable employment as a dispatcher and truck driver with MBS Transit Global Logistics. However, his barebones motion does not provide sufficient specific information as to his present status from which the Court can assess whether the §3553(a) factors justify early termination. The Court has the PSI, prepared over 15 years ago, that raised issues as to Mr. Robinson's veracity to Probation, and the docket which indicates that the BOP at one point imposed a Public Safety Classification. Additionally, the Court recalls that a juror

advised the Court, after the trial, that the Defendant's mother confronted the juror about the verdict outside the courthouse in a manner that upset the juror. Finally, the Defendant's present employer's name is very similar to a shipping business he owned that was a key drug transporter in the crime of conviction.

Hopefully, the Defendant is not the individual he was prior to 2005 whose monetary focus contributed to his intentional decision to engage in the conduct resulting in his conviction. However, until he provides confirmable information as to his specific conduct while in custody and since his release, to give the Court and his community confidence that he has changed and is affirmatively committed to being an exemplary law abiding returning citizen, the Court cannot grant early termination.

The Court wants Mr. Robinson, a bright and talented individual, to successfully reintegrate as a law-abiding citizen and if he establishes a record supporting such a conclusion, the Court will consider a renewed motion for early termination. The information the Court needs for its §3553 analysis includes updating the information contained in the personal background portion of the PSI. Such information includes facts about his housing arrangements since his release, status of family members and personal relations, the stability of his finances and debt and concrete details as to his educational plans. The Court also needs information as to his full employment picture since release, including information about his present employer, its relation to his prior business and any other employment prior to the present position, his duties, responsibilities and opportunities for advancement and the details about any other businesses which provide him and his family revenue. Finally, the Court needs information about his pro social contributions to the community beyond merely completing his required community service hours. The Court understands the Defendant's desire for early termination, but with the limited information provided in the motion, the Court cannot grant the motion. Therefore, it is

**ORDERED** that Defendant's Motion for Early Termination [208] is DENIED without prejudice.

**DONE AND ORDERED** in Miami, Florida, this 9th day of June, 2021.

*Patricia A. Seitz*
PATRICIA A. SEITZ
UNITED STATES SENIOR DISTRICT JUDGE

cc:   All counsel of record